(128 App. Div. 161.)
## MEYER v. STONE VALLEY DISTILLING CO.
(Supreme Court, Appellate Division, Second Department.  October 16, 1908.)

1. SALES—CONTRACTS—CONSTRUCTION.

A stipulation in a contract for the sale of whisky in a bonded warehouse in a distant state for delivery within 10 days as ordered by the buyer does not bind the seller to make deliveries within 10 days after an order, where the buyer knew that the whisky was in the warehouse, and that when he ordered it and paid the tax thereon it would have to be shipped to him as freight after release by the United States government; and in an action by the buyer for breach of contract the seller may show that on receiving an order he immediately ordered the shipment of the goods, and that there was no delay by him, and that the goods arrived in due time.

2. SAME.

A statement by an agent making a sale of whisky in a bonded warehouse in a distant state that deliveries would be made to the buyer in 10 days is a mere approximate statement, and is not a condition of the contract of sale, where the buyer at the time knew that the whisky was in the warehouse, and that as he ordered it it would have to be shipped as freight.

Appeal from Trial Term, Kings County.

Action by Joseph Meyer against the Stone Valley Distilling Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

This is an action for damages for breach of a contract of sale of goods. The complaint alleges that on September 29, 1906, the plaintiff made a contract with the defendant by which he bought of the defendant and the defendant agreed to deliver to him 15 barrels of whiskey; that the purchase price was $413, and that at the making of the contract the plaintiff paid $113 in cash, and gave his six promissory notes to the order of the defendant for $50 each, the first payable December 29, 1906, and the others the 29th day of each month thereafter; that the said whiskey was in bond, viz., in a U. S. bonded warehouse and that the defendant agreed to deliver the said whiskey from time to time in lots as the plaintiff should order it, and on payment to the defendant by the plaintiff of $50 a barrel to pay the tax due thereon to the U. S. Government, and that the defendant agreed to deliver within 10 days after such order and tax payment; that thereafter on December 18, 1906, the plaintiff ordered of the defendant a delivery of 2 barrels of the said whiskey to him at Jamaica, N. Y., within 10 days, and paid it $100 for the said tax thereon, and the defendant promised to make such delivery; that on December 28, 1906, the defendant refused to deliver the said 2 barrels, or the bill of lading therefor, unless the plaintiff paid the first of the said notes, which came due next day.

This refusal to deliver is the breach sued upon, and the damages are alleged to be $213, viz., the $113 paid at the making of the contract, and the $100 afterwards paid for the tax on the 2 barrels.

The answer is in substance a general denial, and then a counterclaim of $200 on four of the six notes, which had come due before the commencement of the action.

The reply is that the notes were given for the purchase price of goods sold and to be delivered by the defendant to the plaintiff before the said notes became due, and that defendant has not delivered the said goods, and refused to deliver the same.

The evidence of both sides shows that the defendant at the time of the sale had the whiskey in a bonded warehouse in Cynthiana, Kentucky; that on the part of plaintiff is that the representative of the defendant who made the sale stated that deliveries would be made within 10 days from the time of order and payment of the tax on the number of barrels ordered at the defendant's

office in New York City; that on the part of the defendant is that when the plaintiff ordered the 2 barrels and paid the tax thereon on December 18, 1906, the defendant's representative stated that it took from 10 days to 2 weeks for the goods to arrive, to which no objection was made; that the time depended on the conditions on the railroads. The agent who made the sale was not examined.

There is testimony for the plaintiff that on December 28, 1906, his representative called at the defendant's office in New York City, and that its representative exhibited to her the bill of lading of the whiskey, and said the whiskey had arrived at Jamaica, but that the defendant would not deliver the bill of lading or the whiskey unless the note which came due next day (the first note) were paid. This is contradicted; and evidence was also given for the defendant that the bill of lading did not arrive until January 8, and that the whiskey had not arrived before that time, but arrived soon after.

During the course of the trial the complaint was amended to increase the demand of damages to $513. The trial judge directed the jury to allow the defendant $200 for the 4 notes it counterclaimed upon (they being of the notes given by the plaintiff on the contract), and charged them that if the defendant broke its contract by refusing to deliver the 2 barrels of whisky, the jury could find the plaintiff's damage to be $513, viz., the amount of the $113 paid at the making of the contract, the $100 afterwards paid for the taxes on the 2 barrels, and the amount of the six notes, $300. The jury followed this, and gave the plaintiff a verdict for the difference, viz., $313.

The judge also charged that if the defendant refused to deliver the 2 barrels on December 28, as the plaintiff claimed, unless the note coming due on the next day be paid, that was a breach of the contract to deliver.

The defendant offered evidence that on the day the 2 barrels were ordered by the defendant, viz., on December 28, it ordered them shipped to the plaintiff from the warehouse in Kentucky, but it was excluded.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Herbert J. Hindes, for appellant.
Melville J. France, for respondent.

GAYNOR, J. As the plaintiff knew at the making of the contract that the whiskey was in the bonded warehouse in Kentucky, and that as he ordered it from time to time by the barrel at the defendant's office in New York City and paid the tax thereon it would have to be shipped by railroad to him as freight from the warehouse after the payment of the tax and the formalities to get it released there by the United States government were gone through with, and that the time of arrival would depend largely on the condition of business on the railroads, the contract cannot be taken to have been that delivery had to be made within 10 days after each order, in order to bind the plaintiff to receive, without an express agreement to that effect. All that there is is testimony that the agent of the defendant who made the sale said to the plaintiff at the time of the purchase that the deliveries would be made in 10 days. This was a mere approximate statement by the agent, and was not made a condition of the contract, as a reading of the evidence shows. It was error to exclude evidence that immediately on receiving the order for the two barrels of whiskey the defendant ordered the goods shipped. The defendant was entitled to show that there was no delay by it in the shipment, and that the goods arrived in due time. This is all on the assumption that delivery was to be made at Jamaica, instead of on

board the cars at the place of shipment, as is the course of business. The evidence on the subject is too meagre to support a finding that delivery was to be at Jamaica. The case seems to have been tried on both sides without any understanding of or regard for the rules of law applicable to the measure of damages, or as to whether the defendant would be obliged to deliver if the plaintiff defaulted on the notes, or as to whether the plaintiff would be liable on the notes if the deliveries were not made. But the theory on which the case went to the jury, viz., that the goods and the bill of lading had arrived on December 28, and that the defendant on that day refused to deliver the bill of lading unless a note not yet due were paid, is against the weight of evidence. The date of shipment and arrival was susceptible of positive proof, and the neglect to supply it was strange, to say the least.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur; HOOKER and RICH, JJ., in result.